IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHEMBULK OCEAN TRANSPORT LLC and CHEMBULK TRADING II LLC<br>　　　Plaintiffs,<br>V.<br><br>VALERO MARKETING AND SUPPLY COMPANY<br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO. 4:20-CV-01024<br>Admiralty 9(h) |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Chembulk Ocean Transport LLC ("Chembulk Ocean") and Chembulk Trading II LLC ("Chembulk Trading"), file their Original Complaint against Defendant, Valero Marketing and Supply Company ("Valero"), and respectfully would show the Court as follows:

## I.
## JURISDICTION AND VENUE

1.This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Court has jurisdiction under 28 United States Code § 1333. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 in that this is a dispute between Plaintiffs, both of whom are Marshall Islands companies headquartered in Connecticut, and Valero, a Delaware corporation headquartered in Texas. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

2.Venue for this civil action is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## II.
## PARTIES

3.      Chembulk Ocean and Chembulk Trading are Marshall Islands companies with their principal offices and places of business located at 175 Rennell Drive, Southport, Connecticut 06890.  Chembulk Ocean is engaged in business as a vessel-operating common carrier and procured the bunkers at issue for the *M/T Chem Ranger*.  Chembulk Trading was the time charterer of the *M/T Chem Ranger* at all times material to this Complaint.  Chembulk Ocean and Chembulk Trading are collectively referred to as "Chembulk."

4.      Upon information and belief, Valero is a company organized and existing under the laws of Delaware and has a principal place of business at One Valero Way, San Antonio, Texas 78249.  Valero may be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

## III.
## FACTUAL BACKGROUND

**Valero's Widespread Delivery of Contaminated Bunkers into the Market**

5.      Valero is a manufacturer, seller and supplier of marine fuel with operations worldwide, including Texas.  During the period of January 1, 2018 through May 31, 2018, Valero directly or indirectly sold, supplied and/or delivered tens of thousands of metric tons of fuel oil (known in the marine industry as "bunkers') that was contaminated, off-specification, unfit for consumption, and capable of causing significant physical damage to the main propulsion systems, engines, machinery and equipment of the vessels utilizing Valero's bunkers.

6.      Upon information and belief, the bunkers manufactured by Valero during this time period were delivered to more than 150 vessels both directly by Valero in Texas and through intermediary sellers and suppliers in various U.S. ports.  The bunkers manufactured,

sold, distributed and/or delivered by Valero were specifically made for and were known by Valero to be consumed by ocean-going vessels.

7. The claims asserted in this Complaint are not exclusive to Chembulk. Indeed, other bunker purchasers and vessels consuming those bunkers have suffered physical and economic losses directly attributable to Valero's contaminated, off-spec and defective bunkers. The effects of the contaminated bunkers manufactured and distributed into the market by Valero have been widely reported in the industry, well-documented and include vessel breakdowns, engine and machinery malfunctions, significant physical damages, and economic losses resulting from delays, lost charter hire, and removal of contaminated produce from the vessels.

8. On information and belief, the contamination issues were obvious to and known by Valero such that Valero refused to purchase its own bunkers for use on vessels chartered by Valero.

9. Valero either had actual knowledge or it reasonably should have known that its bunkers manufactured and sold into the market from January 1, 2018 through May 31, 2018, were contaminated, defective and off-spec such that they would cause physical damage and economic losses to the vessels that consumed them.

10. Despite reported, widespread issues with its bunkers, Valero never warned or notified purchasers or end-users about the known contamination, nor did Valero take any affirmative action to mitigate the physical and economic losses that it knew or should have known would occur to vessels consuming its bunkers. Valero failed to take any remedial actions in response to its contaminated fuel being released into the market such as issuing a recall, repurchasing its contaminated bunkers, or facilitating the discharge of contaminated bunkers from affected vessels.

**Valero's Contaminated Bunkers Damage the *M/T Chem Ranger*** 

11. At all material times, Chembulk Trading was the time charterer of the *M/T Chem Ranger*. Pursuant to the terms of the relevant charter party, in which charterer was responsible for supplying the vessel with bunkers, Chembulk Ocean procured fuel for the *Chem Ranger* on behalf of Chembulk Trading.

12. Chembulk will show this Court at trial that Valero produced, manufactured, stored, sold, supplied, and delivered unsuitable, unsafe, substandard, defective, contaminated, unfit, non-conforming, off-specification bunker fuel to the *Chem Ranger* in March 2018. This bunker fuel, in turn, caused significant damage and performance problems to the vessel, as well as other losses and expenses to Chembulk.

13. On or about March 16, 2018, Chembulk Ocean, as buyer, entered into a contract with an intermediary supplier for the provision of bunkers to the *Chem Ranger*. The contract provided in part for the sale and delivery of 350 metric tons of fuel oil to be delivered to the vessel in Houston, Texas. The intermediary supplier arranged for Valero to physically supply the bunkers to the vessel.

14. On March 27, 2018, Valero delivered 350 metric tons of bunkers to the *Chem Ranger* via the Tug *Miss Monie* and bunker barge B-252, which were contracted for and/or arranged by Valero for the delivery. (*See* Exhibit "1," Bunker Delivery Note dated March 27, 2018).

15. On April 19, 2018, shortly after the Valero fuel was transferred for use on the *Chem Ranger*, the vessel's main engine ceased functioning. The resulting damage necessitated that the vessel be towed to the Bahamas for repairs. Charterer has been put on notice by vessel owner that it intends to recover all damages sustained to the vessel from charterer.

## COUNT I
## BREACH OF WARRANTIES/MISREPRESENTATION

16. Chembulk repeats and re-alleges each and every paragraph and allegation in the preceding paragraphs.

17. Valero is engaged in the business of selling, marketing, transporting, and/or otherwise providing bunkers to ocean-going vessels such as the *Chem Ranger*. Valero warranted that the bad bunkers supplied to the *Chem Ranger* would meet certain identifiable and industry-standard specifications. However, Valero delivered and loaded aboard the *Chem Ranger* bunkers that were off-spec, unsuitable, unsafe, substandard, defective and/or contaminated in breach of express warranties made and owed by Valero.

18. Moreover, Valero's providing and loading of contaminated bunkers aboard the *Chem Ranger* constituted a breach of the implied warranties of quality, fitness for purpose and freedom from harmful defects which Valero owed to Chembulk.

19. Valero's providing and loading contaminated bunkers aboard the *Chem Ranger* constituted a material misrepresentation by Valero as to the quality and/or fitness for purpose of the fuel, which was relied upon by Chembulk to its detriment. Valero knew or should have known about the off-spec, unsuitable, substandard, unsafe, defective, and/or contaminated condition of the bunkers. Chembulk is entitled to relief from the intentional and/or negligent misrepresentation of the quality and nature of the bunkers.

20. The contaminated bunkers provided by Valero to the *Chem Ranger* were not of the quality or condition expressly or impliedly warranted by Valero's description, but were defective as set forth in this Complaint. Alternatively, Valero misrepresented the quality, specification, and/or suitability of the bunkers.

21.     Chembulk seeks recovery of all damages, costs, expenses, interest, and attorneys' fees that have been or may be incurred as a direct result of Valero's conduct.

## COUNT II
## NEGLIGENCE

22.     Chembulk repeats and re-alleges each and every paragraph and allegation in the preceding paragraphs.

23.     Valero's providing and loading of contaminated bunkers aboard the *Chem Ranger* constitutes negligence. Valero owed a duty to Chembulk to provide on-spec fuel to the vessel and to ensure that the bunkers taken on met industry-standard, were not defective, and were not contaminated. Valero's failure to do so was negligent and its breach of duty proximately caused damages to Chembulk, the *Chem Ranger,* and other related expenses.

24.     Valero further breached its duty by neglecting to implement reasonable practices and policies for testing its fuel for contaminants that could cause harm to its customers and/or ultimate end-users of its product. Valero's failure to do so was negligent and its breach of duty proximately caused damages to Chembulk, the *Chem Ranger,* and other related expenses.

25.     Chembulk seeks recovery of all damages, costs, delays, and expenses that have been or may be incurred as a result of Valero's conduct.

## COUNT III
## PRODUCT LIABILITY

26.     Chembulk repeats and re-alleges each and every paragraph and allegation in the preceding paragraphs.

27.     Valero is a manufacturer and seller of marine fuel, specifically including the bunkers that were provided to the *Chem Ranger* and that are the subject of this Complaint.

28. The bunkers manufactured by Valero that were sold and provided to Chembulk and loaded aboard the *Chem Ranger* were inherently defective, out of specification, substandard, contaminated, unsuitable, unsafe, and did not conform to applicable specification and regulations.

29. As a direct result of the inherent defects of the contaminated bunkers manufactured, sold, and provided to Chembulk by Valero, the *Chem Ranger* suffered physical damage and economic losses due to delays, repair costs, loss of charter, demurrage, and other damages to be proved at the time of trial.

30. The damages sustained by Chembulk were foreseeable to Valero as the manufacturer, seller, and supplier of the contaminated bunkers.

## COUNT IV
## FRAUD/FRAUDULENT INDUCEMENT

31. Chembulk repeats and re-alleges each and every paragraph and allegation in the preceding paragraphs.

32. Valero had actual knowledge or it reasonably should have known that its bunkers manufactured and sold into the market from January 1, 2018 through May 31, 2018, were contaminated, defective and off-spec such that they would cause physical damage and economic losses to the vessels that consumed them. Nevertheless, Valero purposely concealed and/or falsely claimed that its bunkers met certain industry standards and were suitable for ocean-going vessels such as the *Chem Ranger*. In taking on Valero's bunkers and transferring them for use on the vessel, Chembulk relied on Valero's fraudulent representations to its detriment.

33. The damages suffered by Chembulk were foreseeable to Valero. Accordingly, Chembulk seeks recovery of all damages, costs, delays, lost profits, attorney fees, interests, and expenses that have been or may be incurred as a result of Valero's conduct.

## COUNT V
## CONTRIBUTION UNDER THE GENERAL MARITIME LAW

34. Chembulk repeats and re-alleges each and every paragraph and allegation in the preceding paragraphs.

35. As a result of damages sustained to the *Chem Ranger* from Valero's contaminated bunkers, Chembulk has been put on notice by the vessel's owner that it intends to recover all damages sustained to the vessel from charterer and has initiated proceedings to that end.

36. Chembulk has or intends to resolve all claims asserted by the *Chem Ranger's* owner(s) for damage to the vessel resulting from Valero's contaminated bunkers to include a release of all potentially liable third-parties in the global release with the *Chem Ranger's* owner(s)—even though none of them contributed to the settlement. Chembulk, therefore, intends to preserve their common-law right to contribution under the general maritime law. Specifically, in *Combo Maritime, Inc. v. U.S. United Bulk Terminal, LLC*, the U.S. Fifth Circuit held that a settling tortfeasor may bring an action for contribution when it obtains, as part of its settlement with the claimant, a full release for all parties. 615 F.3d 599, 603 (5th Cir. 2010). In order to bring a claim for contribution against the non-settling tortfeasors, the settling tortfeasor must have (1) paid more than it owes to the claimant, and (2) have discharged the claimant's entire claim. *Id.*

37. In this matter, the *Chem Ranger* and its owner(s) sustained damage when the vessel's engine failed shortly after the Valero fuel was transferred for use on the *Chem Ranger*. The resulting damage necessitated that the vessel be towed to the Bahamas for repairs. Charterer has been put on notice by vessel owner that it intends to recover all damages sustained to the vessel from charterer. In the course of investigating the cause of the engine failure, there is substantial evidence that the bunkers Valero sold and provided to Chembulk and that were loaded

aboard the *Chem Ranger* were contaminated, defective, out of specification, substandard, unsuitable, unsafe, and did not conform to applicable specification and regulations.

38. The acts, omissions, and failures set forth above establish the liability of Valero under the following theories:

    a) breach of warranty;

    b) misrepresentation;

    c) negligence;

    d) product liability; and,

    e) fraud/fraudulent inducement.

39. As a result of the foregoing, Chembulk sustained damages in the amount of its pending settlement with the owner(s) of the *Chem Ranger*, for which will seek contribution from Valero.

## IV.
## DAMAGES

40. Chembulk repeats and re-alleges each and every paragraph and allegation in the preceding paragraphs.

41. As a result of the acts, omissions, negligent acts or failures to act, or other conduct of Valero, contaminated bunkers were delivered to the *M/T Chem Ranger*, resulting in damage, loss of use, fees, and other expenses arising from the vessel's use of the fuel supplied by Valero.

42. Chembulk on behalf of their interests and all those at interest of the *M/T Chem Ranger* hereby seeks recovery in excess of $1,519,272.50 for all actual losses, damages, costs, delays, and expenses, including, but not limited to, damage to the vessel, the cost of replacement fuel, survey and inspection fees, chemical analysis fees, downtime, loss of use/revenue, cleaning and disposal expenses, administrative and overhead costs, expert fees, as well as pre-judgment

and post-judgment interest, attorneys' fees, costs of suit, and all other damages, costs, and expenses arising from the matters complained of herein.

## V.
## CONDITIONS PRECEDENT

43.     Chembulk has complied with all conditions precedent to the maintenance of all causes of action asserted in this proceeding.

## PRAYER

For these reasons, Chembulk Ocean Transport LLC and Chembulk Trading II LLC, pray that Defendant, Valero Marketing and Supply Company, be served with citation and process, and that on final trial or hearing, Chembulk have judgment against Valero as to the damages described in this Complaint, in an amount to be shown at trial of this matter, plus pre-judgment and post-judgment interest, costs of court, attorneys' fees, and such other and further relief to which Plaintiffs, Chembulk Ocean Transport LLC and Chembulk Trading II LLC, may show themselves justly entitled.

Respectfully submitted,

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

*/s/ James T. Bailey*

Robert L. Klawetter
Federal ID No. 2471
State Bar No. 11554700
klawetter@easthamlaw.com
Christina K. Schovajsa
Federal ID. No. 25142
State Bar No.24002910
schovajsa@easthamlaw.com
James T. Bailey
Federal I.D. 30347
State Bar No. 24031711
bailey@easthamlaw.com
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, TX  77002
Telephone: (713) 225-0905
Facsimile:  (713) 225-2907

*Attorneys for Plaintiffs,*
*Chembulk Ocean Transport, LLC and*
*Chembulk Trading II LLC*