UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHEMBULK OCEAN TRANSPORT LLC and CHEMBULK TRADING II LLC, <br><br>*Plaintiff*, <br><br>v. <br><br>VALERO MARKETING AND SUPPLY COMPANY, <br><br>*Defendant and Third-Party Plaintiff*, <br><br>v. <br><br>TRAFIGURA TRADING LLC <br><br>*Third-Party Defendant*. | § § § § § § § § § § § § § § § § § §   CIVIL ACTION 20-1024 |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are a motion to sever and dismiss and a motion to sever and transfer, both of which were filed by third-party defendant Trafigura Trading LLC ("Trafigura"). Dkts. 15, 16. Trafigura also moved to reassign this case to Chief Judge Lee H. Rosenthal. *Id.* Third-party plaintiff Valero Marketing and Supply Company ("Valero") responded, and Trafigura replied. Dkts. 17, 19, 20. Having considered the motions, response, replies, and applicable law, the court is of the opinion that both the motion to sever and dismiss and the motion to sever and transfer should be DENIED, and Trafigura's request to reassign this case to Judge Rosenthal should be DENIED.

**I. BACKGROUND**

Valero manufactures and sells bunker fuel for vessels. Dkt. 4 at 2. In 2018, Chembulk entered into a contract with an intermediary supplier for bunker fuel. *Id.* at 4. The intermediary

supplier arranged for Valero to deliver bunker fuel to Chembulk. *Id.* The fuel delivered by Valero was allegedly contaminated. *Id.* The contaminated fuel damaged a vessel that Chembulk had time chartered, the M/T Chem Ranger ("Chem Ranger"). *Id.* The Chem Ranger was towed to the Bahamas for repairs. *Id.* Chembulk thereafter filed this suit against Valero on March 20, 2020.[1] Dkt. 1.

On August 13, 2020, Valero filed its answer and a third-party complaint against Trafigura, the company that supplied Valero with the allegedly contaminated fuel oil, which Valero alleges contaminated its own fuel oil through a series of transfers. Dkt. 7 at 7–13. In its third-party complaint, Valero does not assert any claims on its own behalf but instead attempts to tender Trafigura to Chembulk under Federal Rule of Civil Procedure 14(c) because Valero contends that Trafigura caused Chembulk's alleged damages by selling contaminated fuel to Valero. *Id.* at 7

On September 25, 2020, Trafigura filed a motion to sever and dismiss and a motion to sever and transfer. Dkts. 15, 16. Trafigura argues that Valero cannot tender Trafigura to Chembulk because any dispute between Trafigura and Valero about the allegedly contaminated fuel is covered by three contracts between Trafigura and Valero. *Id.* Contract No. 1654384 has a mandatory arbitration clause. Dkt. 15. Contracts No. 1659403 and 1669270 have exclusive forum-selection clauses. Dkt. 16. Valero argues that those clauses are irrelevant because Valero has not asserted any claims on its own behalf and is only tendering Trafigura to Chembulk under Rule 14(c). Dkt. 17. Valero contends that Rule 14(c) allows Valero to tender Trafigura as a direct defendant to Chembulk. Dkt. 17.

Chembulk has not filed briefs in support of either Valero or Trafigura.

---

[1] Chembulk filed its first amended complaint on June 16, 2020. Dkt. 4.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 14(c)

Federal Rule of Civil Procedure 14(c) allows for "liberal joinder in admiralty actions." *Texaco Expl. & Prod. Co. v. AmClyde Engineered Prod. Co.*, 243 F.3d 906, 908 (5th Cir. 2001). Under Rule 14(c)(1), a defendant may implead a party "who may be wholly or partly liable—either to the plaintiff or to the third-party plaintiff." Fed. R. Civ. P. 14(c)(1). "Rule 14(c) permits a defendant to implead a third-party defendant for two purposes: (1) to seek contribution or indemnification from the third-party defendant, and (2) to tender the third-party defendant to the plaintiff." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 242 (5th Cir. 2009).

Under Rule 14(c)(2), a "third-party plaintiff may demand judgment in the [original] plaintiff's favor against the third-party defendant." Fed. R. Civ. P. 14(c)(2). After a third-party plaintiff demands judgment, "the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff has sued both the third-party defendant and third-party plaintiff." Fed. R. Civ. P. 14(c)(2). Rule 14(c) "specifically preserves defendant's traditional right to demand judgment directly in favor of plaintiff and against the third-party defendant." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1465, Westlaw (database updated Oct. 2020). The "plaintiff is then forced to assert his claims directly against the third-party defendant." *Id.* "This is to be distinguished from practice under Rule 14(a), which does not automatically establish a direct relationship between plaintiff and the third-party defendant upon the assertion of a third-party claim." *Id.*

### III. ANALYSIS

Trafigura contends that Valero cannot tender Trafigura to Chembulk under Rule 14(c) because any dispute between Valero and Trafigura must be addressed in arbitration or in a different forum. Dkts. 15, 16. Valero does not dispute the legality of either the arbitration clause or the forum-selection clauses in its contracts with Trafigura. However, Valero argues that the arbitration clause and the forum-selection clauses which might prevent Valero from asserting its own claims against Trafigura do not affect Valero's tender of Trafigura to Chembulk under Rule 14(c). Dkt. 17. The court agrees.

In its third party-complaint, Valero demands judgment in Chembulk's favor against Trafigura. Dkt. 7 at 12. As previously discussed, under Rule 14(c), a third-party plaintiff may "demand judgment in the [original] plaintiff's favor against the third-party defendant" and then "the third-party defendant must defend under Rule 12 against the plaintiff's claim." Fed. R. Civ. P. 14(c)(2). The arbitration clause and the forum-selection clauses in Valero's contracts with Trafigura are not relevant to Valero's Rule 14(c) tender of Trafigura to Chembulk; Valero asserts no claims on its own behalf, and there are no arbitration clauses or forum-selection clauses between Trafigura and Chembulk. Dkt. 17. Thus, under Rule 14(c), "the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff." Fed. R. Civ. P. 14(c)(2).

Trafigura argues that collateral estoppel bars Valero from relitigating the applicability of the arbitration clause and the forum-selection clauses in this case because Judge Rosenthal recently granted Trafigura's motions to sever and transfer and motions to sever and dismiss in *National Shipping*, which combined two cases that were based on the same underlying facts as this case.[2]

---

[2] Judge Rosenthal's order in *National Shipping* addressed two cases in a single opinion because the cases involved "very similar motions and the same three contracts between Valero and Trafigura." Dkt. 15-3 at 2.

4

Dkts. 15, 16.  However, in those cases, Valero asserted claims against Trafigura on its own behalf. *See* Dkt. 15-3; Dkt. 17 at 2–4.  In contrast, Valero does not assert any claims on its own behalf in this case and instead uses Federal Rule of Civil Procedure 14(c) only to tender Trafigura to Chembulk.  Dkts. 7, 17.  Collateral estoppel requires that the issue litigated in the previous action must be identical to the one in the current action.  *See Next Level Commc'ns LP v. DSC Commc'ns Corp.*, 179 F.3d 244, 250 (5th Cir. 1999).  The issue presented here is not identical to the issues presented in the previous cases because the facts are different; thus, collateral estoppel does not apply.[3]

Next Trafigura argues that Judge Rosenthal's decision in *National Shipping* dictates the outcome of its motions in this case.  Dkts. 15, 16.  But *National Shipping* is factually distinguishable from the present case.  Dkt. 15-3.  In *National Shipping*, Valero asserted claims as a third-party plaintiff against Trafigura on its own behalf, and Judge Rosenthal held that the claims were subject to either mandatory arbitration or exclusive forum-selection clauses which identified the Southern District of New York as having exclusive jurisdiction.  *Id.* at 3–6, 9–11.  Judge Rosenthal reasoned that Valero's attempted tender of Trafigura under Rule 14(c) could "not overcome the contractually agreed arbitration clause and forum-selection clauses" in the contracts between Valero and Trafigura.  *Id.* at 14.  In contrast, in this case, Valero asserts no claims on its own behalf.  Trafigura moves to sever and dismiss or sever and transfer "claims asserted by Valero against Trafigura."  Dkt. 15 at 1; *see also* Dkt. 16 at 1.  But there are no claims by Valero against Trafigura for the court to sever or dismiss.  Valero demands judgment in Chembulk's favor against

---

[3] Trafigura also moves to reassign this case to Judge Rosenthal because of "policy considerations" related to collateral estoppel.  Dkt. 19 at 5.  Because the court rejects Trafigura's collateral estoppel argument and Trafigura cites no legal authority for its request, Trafigura's request to reassign this case to Judge Rosenthal is DENIED.

Trafigura. Dkt. 7 at 12. There are no arbitration clauses or forum-selection clauses between Chembulk and Trafigura. Thus, the case proceeds as if Chembulk had sued both Valero and Trafigura. Fed. R. Civ. P. 14(c)(2).

Lastly, Trafigura cites to *Texaco* for the proposition that "arbitration agreements shall be binding, even where one party has invoked Rule 14(c)" to tender a party subject to a binding arbitration clause. Dkt. 15 at 8 (citing *Texaco*, 243 F.3d at 908). However, Texaco is inapplicable here because *Texaco* is both factually and legally distinguishable. In *Texaco*, a crane designed and manufactured by AmClyde failed, damaging Texaco's production facility. *Texaco*, 243 F.3d at 908. Texaco sued AmClyde. *Id.* AmClyde then tendered McDermott, the owner and operator of the crane, as a third-party defendant under Rule 14(c), even though Texaco was bound by a mandatory arbitration clause in its contract with McDermott. *Id.* The district court denied Texaco's motion to strike the joinder. *Id.* The Fifth Circuit reversed and remanded to the district court to order a stay pending the contractually mandated arbitration. *Id.* at 912. The court reasoned that "to carve out a Rule 14(c) exception to the [Federal Arbitration Act] could severely undermine maritime arbitration clauses, inspiring abuse and opportunistic behavior, as third parties are allowed or encouraged to do what the parties to a contract themselves are not: to put aside a mandatory arbitration provision and force litigation." *Id.* at 910.

Unlike in *Texaco* where AmClyde attempted to use Rule 14(c) to force litigation between two parties subject to a mandatory arbitration provision, Valero tenders Trafigura under Rule 14(c) to Chembulk so that the case proceeds as if Chembulk sued Trafigura, and there is no arbitration provision governing disputes between Chembulk and Trafigura. Thus, the court is unpersuaded by *Texaco*. The arbitration clause in the contract between Valero and Trafigura is irrelevant to Valero's tender of Trafigura to Chembulk.

## IV. Conclusion

For the aforementioned reasons, Trafigura's motion to sever and dismiss and motion to sever and transfer are DENIED. Trafigura's request for reassignment is DENIED.

Signed at Houston, Texas on January 25, 2021.

                                                                               _____
                                                                               Gray H. Miller
                                                                               Senior United States District Judge